



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 8, 2020**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| REAGOR-DYKES MOTORS, LP et al | § § | Case No. 18-50214-rlj-11 |
| | § | Jointly Administered |
| Debtors | § | |
| | | |
| REAGOR AUTO MALL LTD.; | § | |
| REAGOR-DYKES AMARILLO, LP; | § | |
| REAGOR-DYKES FLOYDADA, LP; | § | |
| REAGOR-DYKES IMPORTS, LP; | § | |
| REAGOR-DYKES AUTO COMPANY, LP | § | |
| REAGOR-DYKES PLAINVIEW, LP; | § | |
| REAGOR-DYKES MOTORS, LP; and | § | |
| REAGOR-DYKES SNYDER, LP, | § | |
| Plaintiffs | § § | |
| V. | § | Adversary No. 20-05002-rlj |
| | § | |
| FIRSTCAPITAL BANK OF TEXAS, N.A., | § | |
| Defendant. | § | |

## AGREED PROTECTIVE ORDER

Before the Court is the Parties' Joint Motion for Entry of a Protective Order ("Joint Motion") wherein the Parties agree and respectfully request that the Court enter the following Agreed Protective Order (the "Protective Order") to facilitate discovery while protecting

confidential and proprietary information that may be produced in discovery. Based on the Joint Motion, pleadings and other documents on file, and applicable legal authorities, the Court is of the opinion that this case will likely involve the disclosure of confidential and proprietary information and, therefore, good cause exists to grant the Joint Motion. Accordingly, the Joint Motion is hereby **GRANTED** and **IT IS THEREFORE ORDERED** as follows:

**I.** <u>**Confidential Materials**</u>

1. This Protective Order governs the use of "Confidential Materials," which shall refer to information, documents, and other materials provided during the course of discovery in this action designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" as set forth below. Confidential Materials shall be used solely for purposes of prosecuting or defending this litigation between the Parties and for no other purpose without leave of court.

2. Any information, document, or other material designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall not be made available by a Party to any person or entity other than Qualified Persons (as defined in paragraph 8 below). However, a Party may disclose its own Confidential Materials to anyone it chooses without restriction of this Protective Order.

**A.** **Designation Criteria for "CONFIDENTIAL" Information**

3. "CONFIDENTIAL" information, as used herein, means any type or classification of non-public information, whether it be a document, information contained in a document, information revealed during a deposition, or information revealed in an interrogatory answer or otherwise, which is comprised of or contains a trade secret or other confidential research, development, or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Rule 26(c) of the Federal Rules of Civil

Procedure, sensitive personal information that is generally kept private, or other information required by law or agreement to be kept confidential.

**B.     Designation Criteria for "ATTORNEY EYES ONLY" Information**

4.      "ATTORNEY EYES ONLY" information, as used herein, means any type or classification of non-public information, whether it be a document, information contained in a document, information revealed during a deposition, or information revealed in an interrogatory answer or otherwise, which the disclosing party believes in good faith would, or might reasonably have a tendency to, cause harm to the business operations of the disclosing party or provide improper advantage to others, if disclosed to the public or without the restrictions set forth herein for such information or information that is especially sensitive.  In designating information as "ATTORNEY EYES ONLY," the disclosing party will make such designation only as to that information that it in good faith believes contains or constitutes "ATTORNEY EYES ONLY." No one other than (a) Trial Counsel as identified in paragraph 7 of this Order, and (b) independent experts, pursuant to the procedures set forth in paragraph 8, shall have access to information designated "ATTORNEY EYES ONLY."  "ATTORNEY EYES ONLY" information may include, but does not automatically include, the following and any drafts thereof:

   a.   Financial, pricing, profit, sales, and cost information and data;

   b.   Financial statements;

   c.   Marketing plans, business plans, and strategic plans;

   d.   Confidential settlement agreements and license agreements;

   e.   Personnel records;

   f.   Confidential customer identities and/or information, except for the Plaintiffs;

   g.   Information that is protected by law and other sensitive information that, if not restricted, may subject the producing or disclosing Party to legal liability to a third person; and

    h.    Other items not generally known to the public at-large and/or competitors in the relevant industry or marketplace, whether technical or non-technical in nature, which the disclosing party in good faith believes should be designated as "ATTORNEY EYES ONLY." For example, such items might include a party's source code, vendor information, research and development, or other non-public information that if disclosed to the opposing party or those working with the opposing party might cause competitive injury.

    **C.**    **General Criteria Regarding Confidential Materials**

5. Correspondence, communications, and information provided between the Parties or with third parties may be designated as Confidential Materials if made or provided with the understanding or reasonable expectation that the information would not become generally available to the public.

6. Confidential Materials do not include information which the receiving Party can affirmatively show to the Court (a) was known to the receiving Party before disclosure hereunder; (b) is part of the public domain (i.e., has been disclosed to or is known to third parties not under restriction of confidentiality) or becomes part of the public domain through no breach of the provisions of this Protective Order; (c) is independently developed by the receiving Party through employees having no access or prior access to the same Confidential Materials disclosed hereunder; or (d) is disclosed to the receiving Party by a third party, which disclosure does not breach any obligations of confidentiality owed by the third party.

**II.**    <u>**Trial Counsel**</u>

7. "Trial Counsel" as used herein means only:

    a.    The attorneys and employees of SCHIFFER HICKS JOHNSON PLLC and LIGGETT LAW GROUP, P.C. and any other counsel that enters an appearance in this case and becomes responsible for this litigation on behalf of Plaintiff;

    b.    The attorneys and employees of SPROUSE SHRADER SMITH PLLC, and any other counsel that enters an appearance in this case and becomes responsible for this litigation on behalf of Defendant FirstCapital; and

    c.    The attorneys and employees of any counsel who appear on behalf of any later-added party and becomes responsible for this litigation on behalf of the later-added party.

## III. Qualified Persons

    8.    "Qualified Person" as used herein means:

    a.    For information designated "ATTORNEY EYES ONLY":

    i.    Trial Counsel;

    ii.    The Court;

    iii.    Any person employed by Trial Counsel as an independent expert (whether serving in a testifying or consulting capacity) who agrees in writing to be bound by the terms of this Protective Order, by executing a copy of Exhibit A attached hereto, provided he or she (i) is not a current or former shareholder, officer, director, employee or agent of a Party, (ii) has no financial interest in the outcome of this lawsuit, and (iii) has not engaged in, is not currently engaged in, and is not likely to be engaged in a competitive business activity with either Party;

    iv.    Any mediator appointed by the Court or agreed to by the Parties, but only after agreeing to be bound by the terms of this Protective Order by executing a copy of Exhibit A attached hereto;

    v.    Independent litigation support vendors and services retained by Trial Counsel who are reasonably necessary to assist Trial Counsel with the litigation of this lawsuit who agree in writing to be bound by the terms of this Protective Order, by executing a copy of Exhibit A attached hereto, including, without limitation, persons working for or as court reporters or videographers, graphic or design services, jury or trial consulting services, or photocopy, document imaging, document review, or database services; and

    vi.    Any other person who is designated as a Qualified Person with respect to "ATTORNEY EYES ONLY" information by an agreement of Trial Counsel or by Order of this Court, after notice to all Parties.

    b.    For information designated "CONFIDENTIAL":

    i.    The persons identified in subparagraph 8(a);

    ii.    For a Party that is an entity, officers, directors, partners, and employees of a Party who are reasonably necessary to assist Trial Counsel in this case who agree to be bound by the terms of this Protective Order by executing a copy of Exhibit A attached hereto;

      iii.    Any natural person who is a Party; and

      iv.    Any other person who is designated as a Qualified Person by agreement of Trial Counsel or by Order of this Court, after notice to all Parties.

## IV. Marking/Designating Confidential Materials

9. Documents and things produced which contain Confidential Materials shall be designated as such by marking each page of the document or thing so designated with a stamp at or before the time of production indicating that the information is "CONFIDENTIAL" or "ATTORNEY EYES ONLY."[1] In lieu of marking the original of documents, a producing Party may mark the copies that are produced or exchanged.

10. When a Party produces a file in Native Format, the Party shall also produce a placeholder/coversheet tiff or .pdf image for the file, which shall contain an endorsement stating that the document has been produced natively (such as "Produced Natively" or "This File Produced Natively"), along with the applicable Bates number. For a file produced in Native Format that contains Confidential Materials, a party shall designate the file as containing Confidential Materials by stamping the file's placeholder/coversheet tiff or .pdf image as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," as applicable.

11. The Parties may agree on any other form of marking/designating Confidential Materials as they deem appropriate and practicable.

## V. Designation of Depositions as Confidential Materials

12. Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" or "ATTORNEY EYES ONLY" and subject to the provisions of this

---

[1] A party may designate a document as "ATTORNEY EYES ONLY" by stamping each page of the document as "ATTORNEY EYES ONLY," "AEO," or "A.E.O."

Protective Order. A Party may also designate additional information disclosed at such deposition which is to be deemed as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" by notifying all other Parties in writing, within thirty (30) days of receipt of the transcript (not including any rough drafts of the transcript), of the specific pages and lines of the transcript which contain the protected information. Each Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody, or control.

13. If any additions, corrections, changes, or supplements are made to deposition testimony via an errata sheet or otherwise, a Party may also designate any information disclosed in such additional or revised testimony as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" by notifying all other Parties in writing, within thirty (30) days of receipt of the additional or revised testimony, of the specific testimony which contains the protected information.

14. Except for use during live court proceedings, (i) all information disclosed in a deposition shall be treated as if it had been designated as "ATTORNEY EYES ONLY" from the date the deposition is taken until the expiration of thirty (30) days from the date the transcript of the deposition is received by the Party to whom the information belongs (not including any rough drafts of the transcript), and (ii) all additions, corrections, changes, or supplements to deposition testimony made via an errata sheet or otherwise shall be treated as if they had been designated as "ATTORNEY EYES ONLY" from the date made until the expiration of thirty (30) days from the date the revised testimony is received by the Party to whom the information belongs via an errata sheet or otherwise.

## VI.  General Use and Disclosure of Confidential Materials

15. Any documents, materials, or information designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall not be used by the Party receiving the same for any purpose

other than in connection with this litigation, and shall not be disclosed except in accordance with the terms hereof.

16. Any documents, materials, or information designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall not be used by any Party or provided to any third-party for use in connection with any other pending litigation.

17. Confidential Materials shall not be disclosed or made available by a receiving Party to persons other than Qualified Persons except as necessary to comply with applicable law or a valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or a court order, the receiving Party will so notify the producing Party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order preventing such disclosure and, in the alternative, confidential treatment of such information.

18. Nothing shall prevent disclosure beyond the terms of this Protective Order if the Party designating the information as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" consents to such disclosure, or if the Court, after notice to all Parties, orders such disclosure.

**VII.  Use and Disclosure of Confidential Materials During Depositions**

19. Trial Counsel shall have the right to exclude from a deposition any person who is not authorized to receive "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information, as applicable, under this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which such Confidential Materials are being used or discussed.

20. In addition to those persons who may receive Confidential Materials under paragraph 8 above:

    a.    A present employee or representative of a Party may be examined and may testify concerning all documents and information designated as Confidential Materials by that Party;

    b.    A former employee, associate, representative, or consultant of a Party may be examined and may testify concerning all documents and information designated as Confidential Materials by that Party to which said former employee, associate, representative, or consultant had access during the period or periods of employment or association with that Party; and

    c.    Non-parties who had any contact or relationship with a Party, or a representative of such Party, may be examined and may testify concerning any documents or information designated as Confidential Materials which appears on its face to have been received by or communicated to the non-party (other than in violation of a duty of confidentiality owed to the producing Party).

**VIII.**   **Use and Disclosure of Confidential Materials During Live Court Proceedings**

21.    Nothing in this Protective Order shall be deemed to prevent a Party from introducing any Confidential Materials into evidence at a hearing or trial in this lawsuit, or from using any such information at a hearing or trial in this lawsuit, subject to any pretrial or other order issued by this Court.

**IX.**   **Responsiveness or Proportionality of Materials that Would Constitute Confidential Materials**

22.    Nothing in this Protective Order shall be deemed to prevent a Party from objecting to the production of information, and the Parties' agreement that information, documents, and other materials provided during the course of discovery may be designated as Confidential Materials does not constitute any agreement that any category of information, documents, or other materials are relevant, responsive, or proportional to the needs of the case.

**X.**   **Filing of Confidential Materials in this Proceeding**

23.    If any Party wishes to submit Confidential Materials to the Court, the submission must be filed only under seal on CM/ECF if filed electronically or if filed in hard copy in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL MATERIALS**

*Reagor Auto Mall, Ltd., et al. v. FirstCapital Bank of Texas, N.A.*, No. 18-50214-rlj-11, Adv. No. 20-5002-rlj, in the United States Bankruptcy Court, Northern District of Texas, Lubbock Division

**This envelope, which is being filed under seal,**

**contains documents that are subject to a Protective**

**Order governing the use of confidential discovery material.**

24. The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Confidential Materials by any Party to this litigation consistent with the sealing requirements of the Court.

**XI.** **Unintentional Failure to Designate Confidential Materials**

25. In the event that, at the time a document is produced, the designation "CONFIDENTIAL" or "ATTORNEY EYES ONLY" is lacking, and the producing Party later determines that such a designation should have appeared on the document, the producing Party may restrict future disclosure of the document, consistent with this Protective Order, by notifying the receiving Party in writing of the change in, or addition of, a restrictive designation. The notice shall include a sufficiently identifying description of the document (by Bates number if possible) and the designation under which future disclosure of the documents or information is to be governed, and the receiving Party shall make all reasonable efforts to prevent any further review or disclosure of the Confidential Materials by any unauthorized person who received them prior to the designation.

**XII.** **Confidential Materials from Third Parties**

26. Should any Party to this litigation obtain documents or materials from a third party, by subpoena or otherwise, which appear to be Confidential Materials of another Party to this

litigation, such documents shall be treated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," as applicable, by the receiving Party under this Protective Order, unless otherwise expressly released in writing by the Party that is the owner of such Confidential Materials.

**XIII.  Challenging a Designation**

27.  A Party shall not be obligated to challenge the propriety of a confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of any information as confidential, the Parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting Party may seek appropriate relief from this Court.  No disclosure of designated Confidential Materials inconsistent with the obligations of this Protective Order shall be made unless and until the Court orders such disclosure.

**XIV.  Return or Destruction of Confidential Materials**

28.  Within sixty (60) days after the final resolution of this litigation (which includes the conclusion of any appeals taken in the action), unless the Parties agree in writing to the contrary, any originals or reproductions of any Confidential Materials produced by a Party, including electronic copies, shall be returned to the producing Party or destroyed.  If a receiving Party elects to destroy copies of Confidential Materials, the receiving Party shall certify in writing that said documents have been destroyed within the sixty (60) day time period.  However, Trial Counsel shall be entitled to retain for archival purposes one copy of pleadings, depositions and exhibits thereto, correspondence, memoranda, notes, and other work product materials which contain or refer to Confidential Materials.  Any such information retained shall continue to be subject to the protections of this Protective Order.

## XV. Ongoing Obligations

29. Insofar as the provisions of this Protective Order restrict the communication and use of the documents produced hereunder, this Protective Order shall continue to be binding after the conclusion of this litigation.

## XVI. Advice to Clients

30. Nothing in this Protective Order shall bar or otherwise restrict Trial Counsel from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon the examination of Confidential Materials; provided, however, as part of rendering such advice, Trial Counsel shall not disclose to his client the contents of any Confidential Materials produced by another Party if such disclosure would be contrary to the terms of this Protective Order.

## XVII. Unauthorized Disclosure of Confidential Materials

31. Should any Confidential Materials be disclosed, through inadvertence or otherwise, to any person not authorized to receive them under this Protective Order, then the disclosing Party shall use its best efforts to bind such person to the terms of this Protective Order. Specifically, the disclosing Party shall (a) promptly inform such person of all the provisions of this Protective Order; (b) promptly identify such person to the Party that designated the document as Confidential Materials; and (c) request such person to sign the agreement in the form attached hereto as Exhibit B. The executed agreement shall promptly be served by overnight mail upon the Party that designated the document as Confidential Materials.

## XVIII. Non-Waiver of Privileged Materials

32. With respect to matters of privilege, in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, inadvertent disclosure of information protected by any privilege or work product doctrine in this case shall not

result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind in this or any other federal, state, or other proceeding. If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the document on any database it maintains, and make no use of the information contained in the document; provided, however, that the Party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) by any privilege or doctrine.

## XIX. Amendments and Modifications

33. Nothing in this Protective Order shall bar amendment of this Protective Order by stipulation of the Parties or by Order of the Court. Any such amendment made by stipulation of the Parties shall be made in writing.

## XX. Enforcement of Protective Order

34. This Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

###END OF ORDER###

Respectfully submitted,

*/s/ Dustin Burrows*
Dustin Burrows
Texas Bar No. 24048375
LIGGETT LAW GROUP
1001 Main Street, Suite 300
Lubbock, Texas 79401
Tel: (806) 744-4878
Fax: (806) 744-8479
dustin@liggettlawgroup.com

*/s/ Andrew S. Hicks*
Andrew S. Hicks
Texas Bar No. 24032419
Marc S. Tabolsky
Texas Bar No. 24037576
SCHIFFER HICKS JOHNSON PLLC
700 Louisiana Street, Suite 2650
Houston, Texas 77002
Tel: (713) 357-5150
Fax: (713) 357-5160
ahicks@shjlawfirm.com
mtabolsky@shjlawfirm.com

***ATTORNEYS FOR PLAINTIFFS***

And

*/s/ Joel R. Hogue*
John Massouh, SBN 24026866
john.massouh@sprouselaw.com
Joel R. Hogue, SBN 09809720
joel.hogue@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500 (79101)
P.O. Box 15008
Amarillo, Texas 79105
(806) 468-3300; (806) 373-3454 FAX

***ATTORNEYS FOR FIRSTCAPITAL BANK OF TEXAS, N.A.***