IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| REAGOR-DYKES MOTORS, LP et al § | Case No. 18-50214-rlj-11 | |
| § | Jointly Administered | |
| Debtors § | | |
| | | |
| REAGOR AUTO MALL LTD.; § | | |
| REAGOR-DYKES AMARILLO, LP; § | | |
| REAGOR-DYKES FLOYDADA, LP; § | | |
| REAGOR-DYKES IMPORTS, LP; § | | |
| REAGOR-DYKES AUTO COMPANY, LP § | | |
| REAGOR-DYKES PLAINVIEW, LP; § | | |
| REAGOR-DYKES MOTORS, LP; and § | | |
| REAGOR-DYKES SNYDER, LP, § | | |
| Plaintiffs § | | |
| § | | |
| V. § | Adversary No. 20-05002-rlj | |
| § | | |
| FIRSTCAPITAL BANK OF TEXAS, N.A., § | | |
| Defendant. § | | |

## RULE 26(f) JOINT DISCOVERY PLAN

The Plaintiffs and Defendant submit the following Joint Discovery Plan as required by Rule 26(f)(2) and (3) of the Federal Rules of Civil Procedure:

1. The Plaintiffs and Defendant conducted a Rule 26(f) conference on March 26, 2020.

2. As required by Rule 26(f)(3), the Plaintiffs and Defendant state the parties' views and proposals on the following:

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

The parties agreed to make Rule 26(a) disclosures within 14 days of the entry of a scheduling order.

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

The parties could not agree to a scheduling order. Attached hereto as Exhibit A is the schedule proposed by the Plaintiffs, and attached hereto as Exhibit B is the schedule proposed by the Defendant.

**(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

Both parties have served document requests on each other with responses due by April 29, 2020.

<u>Defendant's Issues</u>

At this point, no particular issues have been identified other than the time frame for discovery. The Plaintiffs have made numerous requests reaching as far back as January 1, 2014. The Defendants believe this time frame is overly broad and unnecessary given that the Plaintiffs' claims only reach back to August 1, 2016 (i.e. two years before the first bankruptcy filings by any of the Plaintiffs). The Defendant believes it will take several months to roll out production of all of the documents requested by the Plaintiffs, without considering objections to production that may be made. These factors, coupled with complications arising from the COVID-19 virus, particularly as it relates to conducting deposition discovery, as well as suggested damages suffered by the Plaintiffs of over $30 million (See Doc. No. 1763, ¶6) and accusations that FirstCapital facilitated the Plaintiffs' fraud, leads the Defendant to believe that its proposed scheduling order with a longer period of time within which to complete discovery makes more sense than the schedule proposed by the Plaintiffs. Further, complaints by the Plaintiffs that one of its attorneys,

Dustin Burrows, a Texas state legislator, will be tied up in the 2021 legislative session is a reason for extending deadlines, not accelerating the deadlines. Currently pending before the Court is the Joint Request for Status Conference to discuss the provisions and deadlines of a scheduling order. (Doc. No. 19)

Plaintiffs' Issues

Plaintiffs do not believe there are any issues that require resolution, at present, beyond the entry of a scheduling order. Plaintiffs have proposed a trial setting in February 2021. Defendant notes, Dustin Burrows, one of Plaintiffs' attorneys, is a Texas state legislator and will be in legislative session from January through May of 2021. He will be likely be completely unavailable for the trial of this matter from March – May of 20201. Accordingly, Plaintiffs have proposed setting trial in advance of that time to allow for Mr. Burrows' participation at trial without unduly delaying the proceeding.

With respect to discovery, both parties have served the other with discovery requests. As to Plaintiffs' discovery requests, Plaintiffs initially served those on February 24, 2020 (Doc No. 1750) in the bankruptcy proceeding. Plaintiffs re-served those same requests on March 30, 2020 (Via email) in this adversary proceeding. Accordingly, as of the due date, April 29, 2020, Defendant will have had knowledge of the specific documents and information sought for over 2 months. And First Capital has been well aware of the relevance of these requests to this case since they were served. During the March 11 hearing regarding these document requests in the bankruptcy proceeding, counsel for First Capital acknowledged that the requested documents were relevant and germane to this case.

Moreover, the majority of the requests served by Plaintiffs consist either of single documents sought (i.e., policy and procedure manuals), single categories of documents (i.e., bank

statements), or documents previously produced in other litigation. Each of these categories of documents should be readily available and produced without delay. The primary remaining category of documents requested is certain of Defendant's emails. While Defendant may possess a substantial number of responsive emails, Plaintiffs have offered to provide search terms and a list of custodians to allow Defendants to readily isolate and produce electronic documents in an efficient and unduly burdensome fashion. Moreover, much of the requested emails would have been collected and produced by First Capital in its prior cases against Vista Bank and First Bank and Trust that pertained to issues related to the Debtors. In short, Plaintiffs believe the parties should be able to conduct document discovery within a reasonable and typical time period.

Finally, Plaintiffs disagree that all discovery must be limited to the two years prior to the dates on which the Debtors filed their respective petitions for relief in this Court. Assuming arguendo that the Debtors' current claims against First Capital are limited to that two-year period, there may well be relevant facts and evidence from earlier period that pertain to the issues in this case. For example, Debtors are entitled to discovery regarding First Capital's knowledge of Smith's conduct and its facilitation of Smith's fraud, which may have begun more than two years before the bankruptcy cases were filed. Similarly, Debtors are entitled to discovery regarding to what extent First Capital's conduct vis-à-vis the Debtors was consistent or inconsistent with its general practices and how it did business with other customers.

**(D) any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

The parties filed their Joint Motion for Entry of Protective Order (Doc. No. 20), with a proposed order, that address issues pertaining to confidentiality of documents, as well as the clawback of inadvertently produced privilege information as contemplated by Rule 502 of the Federal Rules of Evidence.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

See the parties proposed scheduling orders attached hereto as Exhibits A and B.

**(F)  any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

See the proposed protective order submitted in connection with the Joint Motion for Entry of Protective Order (Doc. No. 20).  See also proposed scheduling orders submitted by the Plaintiffs and Defendants attached hereto as Exhibits A and B.

Dated April 9, 2020.

Respectfully Submitted,

*/s/ Joel R. Hogue*
SPROUSE SHRADER SMITH PLLC
Joel R. Hogue, SBN 09809720
joel.hogue@sprouselaw.com
John Massouh, SBN 24026866
john.massouh@sprouselaw.com
701 S. Taylor, Suite 500 (79101)
P.O. Box 15008
Amarillo, Texas  79105

**Attorneys for Defendant FirstCapital Bank of Texas, N.A.**


*/s/ Andrew S. Hicks*
Dustin R. Burrows
dustin@liggettlawgroup.com
LIGGETT LAW GROUP, P.C.
1001 Main Street, Suite 300
Lubbock, TX 79401

Andrew S. Hicks
ahicks@shjlawfirm.com
Marc S. Tabolsky
mtabolsky@shjlawfirm.com
SCHIFFER HICKS JOHNSON, PLLC
7001 Louisiana Street, Suite 2650
Houston, TX 77002

**Attorneys for Plaintiffs Reagor Auto Mall, Ltd.;Reagor-Dykes Amarillo, LP; Reagor-Dykes Floydada, LP; Reagor-Dykes Imports, LP; Reagor-Dykes Auto Company, LP; Reagor-Dykes Plainview, LP; Reagor-Dykes Motors, LP; Reagor-Dykes Snyder, LP**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP et al | § | Case No. 18-50214-rlj-11 |
| | § | Jointly Administered |
| Debtors | § | |
| | | |
| REAGOR AUTO MALL LTD.; | § | |
| REAGOR-DYKES AMARILLO, LP; | § | |
| REAGOR-DYKES FLOYDADA, LP; | § | |
| REAGOR-DYKES IMPORTS, LP; | § | |
| REAGOR-DYKES AUTO COMPANY, LP | § | |
| REAGOR-DYKES PLAINVIEW, LP; | § | |
| REAGOR-DYKES MOTORS, LP; and | § | |
| REAGOR-DYKES SNYDER, LP, | § | |
|    Plaintiffs | § | |
| | § | |
| V. | § | Adversary No. 20-05002-rlj |
| | § | |
| FIRSTCAPITAL BANK OF TEXAS, N.A., | § | |
|    Defendant. | § | |

## **SCHEDULING ORDER**

Upon consideration of the Joint Motion for Entry of Scheduling Order, the Court hereby

ORDERS the following:

1. **DOCKET CALL** – Docket Call for shall be held on February 15, 2021 at ____, __m. at Room 314, 1205 Texas Avenue, Lubbock, Texas. The case shall be set thereafter for pre-trial conference and trial by the Court.

2. **DISCLOSURES** – The parties shall make Bankruptcy Rule 7026(a) disclosures within fourteen (14) days of entry of this Order.

3. **FACT DISCOVERY** – Fact discovery must be completed by September 19, 2020. Written discovery shall be served so that responses are due by September 19, 2020.

4. **EXPERT DISCOVERY** – Bankruptcy Rule 7026(a)(2)(A),(B), and (C) expert disclosures for parties bearing the burden of proof on affirmative claims and defenses shall be made by October 16, 2020 . The same disclosures for rebuttal experts shall be made by November 13, 2020. Depositions of all experts shall be taken by December 31, 2020.

5. **OBJECTIONS TO EXPERTS** – Objections to experts shall be made by written motion filed not later than January 4, 2021   Responses shall be filed by January 18, 2021. Replies shall be filed by January 25, 2021.   Unless ordered otherwise, all such motions must be heard no later than fourteen days prior to Docket Call.

6. **DISPOSITIVE MOTIONS** – Dispositive motions shall be filed no later than January 4, 2021. Responses shall be filed by January 18, 2021.  Replies shall be filed by January 25, 2021. Unless ordered otherwise, all dispositive motions must be heard no later than fourteen (14) days prior to Docket Call.

7. **JOINT PRETRIAL ORDER** – A Joint Pretrial Order in compliance with Local District Court Rule 16.4 shall be filed, served, and uploaded for Court entry seven (7) days prior to Docket Call. All counsel are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of

stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney.

8. **EXHIBITS AND WITNESSES** – Each exhibit shall be marked with an exhibit label.  Except for impeachment documents, all exhibits, along with a list of witnesses to be called, shall be exchanged with opposing counsel fourteen (14) days prior to Docket Call.  Each party shall also file a list of exhibits and witnesses fourteen (14) days prior to Docket Call.  All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance.  Written objections to exhibits will be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

9. **FINDINGS OF FACT AND CONCLUSIONS OF LAW AND TRIAL BRIEFS** –Written Proposed Findings of Fact and Conclusions of Law shall be filed seven (7) days prior to Docket Call.  Trial briefs shall be filed addressing contested issues of law seven (7) days prior to Docket Call.

10. **COMPLIANCE WITH ORDER** – All parties and counsel must certify to full compliance with this Order at Docket Call.  If a resetting is allowed by the Court, the Plaintiffs' attorney shall notify all other parties and shall file with the Clerk a certificate of service indicating the manner, date, and to whom notice was given.

11. **SANCTIONS** – Sanctions may be imposed for failure to comply with this Order.

12. **MODIFICATION OF DEADLINES** – The deadlines in this Agreed Scheduling can only be modified by agreement of the parties for good cause with the Court's consent.

### END OF ORDER ###

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP et al | § | Case No. 18-50214-rlj-11 |
| | § | Jointly Administered |
| Debtors | § | |

| | | |
|---|---|---|
| REAGOR AUTO MALL LTD.; | § | |
| REAGOR-DYKES AMARILLO, LP; | § | |
| REAGOR-DYKES FLOYDADA, LP; | § | |
| REAGOR-DYKES IMPORTS, LP; | § | |
| REAGOR-DYKES AUTO COMPANY, LP | § | |
| REAGOR-DYKES PLAINVIEW, LP; | § | |
| REAGOR-DYKES MOTORS, LP; and | § | |
| REAGOR-DYKES SNYDER, LP, | § | |
|    Plaintiffs | § | |
| | § | |
| V. | § | Adversary No. 20-05002-rlj |
| | § | |
| FIRSTCAPITAL BANK OF TEXAS, N.A., | § | |
|    Defendant. | § | |

## **SCHEDULING ORDER**

Upon consideration of the Joint Motion for Entry of Scheduling Order, the Court hereby

ORDERS the following:

1. **DOCKET CALL** – Docket Call for shall be held on June ___, 2021 at ____, __m. at Room 314, 1205 Texas Avenue, Lubbock, Texas. The case shall be set thereafter for pre-trial conference and trial by the Court.

2. **DISCLOSURES** – The parties shall make Bankruptcy Rule 7026(a) disclosures within fourteen (14) days of entry of this Order.

3. **FACT DISCOVERY** – Fact discovery must be completed by **November 20, 2020**. Written discovery shall be served so that responses are due by **November 20, 2020**.

4. **EXPERT DISCOVERY** – Bankruptcy Rule 7026(a)(2)(A),(B), and (C) expert disclosures for parties bearing the burden of proof on affirmative claims and defenses shall be made by **December 18, 2020**. The same disclosures for rebuttal experts shall be made by **January 22, 2021**. Depositions of all experts shall be taken by **February 19, 2021**.

5. **OBJECTIONS TO EXPERTS** – Objections to experts shall be made by written motion filed not later than **March 12, 2021**. Responses shall be filed by **April 2, 2021**. Replies shall be filed by **April 16, 2021**. Unless ordered otherwise, all such motions must be heard no later than fourteen days prior to Docket Call.

6. **DISPOSITIVE MOTIONS** – Dispositive motions shall be filed no later than **March 12, 2021**. Responses shall be filed by **April 2, 2021**. Replies shall be filed by **April 16, 2021**. Unless ordered otherwise, all dispositive motions must be heard no later than fourteen (14) days prior to Docket Call.

7. **JOINT PRETRIAL ORDER** – A Joint Pretrial Order in compliance with Local District Court Rule 16.4 shall be filed, served, and uploaded for Court entry seven (7) days prior to Docket Call. All counsel are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of

stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney.

8. **EXHIBITS AND WITNESSES** – Each exhibit shall be marked with an exhibit label.  Except for impeachment documents, all exhibits, along with a list of witnesses to be called, shall be exchanged with opposing counsel fourteen (14) days prior to Docket Call.  Each party shall also file a list of exhibits and witnesses fourteen (14) days prior to Docket Call.  All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance.  Written objections to exhibits will be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

9. **FINDINGS OF FACT AND CONCLUSIONS OF LAW AND TRIAL BRIEFS** –Written Proposed Findings of Fact and Conclusions of Law shall be filed seven (7) days prior to Docket Call.  Trial briefs shall be filed addressing contested issues of law seven (7) days prior to Docket Call.

10. **COMPLIANCE WITH ORDER** – All parties and counsel must certify to full compliance with this Order at Docket Call.  If a resetting is allowed by the Court, the Plaintiffs' attorney shall notify all other parties and shall file with the Clerk a certificate of service indicating the manner, date, and to whom notice was given.

11. **SANCTIONS** – Sanctions may be imposed for failure to comply with this Order.

12. **MODIFICATION OF DEADLINES** – The deadlines in this Agreed Scheduling can only be modified by agreement of the parties  for good cause with the Court's consent.

### END OF ORDER ###