

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 20, 2021**

**_____**
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP,[1] | § | Case No.: 18-50214-RLJ-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| DENNIS FAULKNER, Trustee of Reagor-Dykes Auto Group Creditors' Liquidating Trust, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 20-05002 |
| | § | |
| FIRSTCAPITAL BANK OF TEXAS, N.A. | § | |
| | § | |
| Defendant. | § | |

---

[1] The following chapter 11 cases are jointly administered in Case No. 18-50214: Reagor-Dykes Motors, LP, Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo, LP (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (18-50321), Reagor-Dykes III LLC (18-50322), Reagor-Dykes II LLC (18-50323), Reagor Auto Mall, Ltd. (18-50324), and Reagor Auto Mall I LLC (18-50325).

1

# ORDER

Plaintiff Dennis Faulkner, Trustee of the Reagor-Dykes Auto Group Creditors' Liquidating Trust, filed his motion seeking leave to file an amended complaint—the Second Amended Complaint. The Second Amended Complaint adds an alternative legal theory of recovery under §§ 547 and 548 of the Bankruptcy Code, and under the Texas Uniform Fraudulent Transfer Act (TUFTA). The Trustee also adds a constructive fraudulent transfer claim under § 548(a)(1)(B) and additional transfers that occurred in August 2016. Defendant, FirstCapital Bank of Texas, N.A., opposes the motion.

Upon review of the pleadings and briefs of the parties, the Court, in accordance with *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), finds as follows:

- The amended complaint may cause delay, but the Trustee has not acted in bad faith or with a dilatory motive. The mere opportunity to bring a claim earlier does not equate to bad faith.

- The Trustee could have previously brought the new claims under §§ 547 and 548 of the Code, as well as the TUFTA claims. While the 33,000 checks may not perfectly match the previously obtained ledgers, the Trustee could have deduced the existence of constructive fraudulent transfers based on the information it already had.

- The addition of the August 2016 transfers are not prejudicial; the issues, such as consideration, are related to the constructive fraudulent transfers alleged in the First Amended Complaint. Any prejudice to FirstCapital is not significant or "undue."

- The amendments are not futile and state a claim upon which relief can be granted.

On balance, the Court concludes that the Trustee's motion should be granted.

SO ORDERED.

### End of Order ###